IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Roy and Sarah Pryor, ) | C/A No.: 4:10-2255-TLW-SVH |
| Plaintiffs, ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| D.R. Horton, Inc., ) | |
| Defendant. ) | |

This matter comes before the court on the motion [Entry #11] of plaintiffs Roy and Sarah Pryor for leave to amend their complaint pursuant to Fed. R. Civ. P. 15. For the reasons that follow, it is recommended that the motion to amend be granted and the court remand the case to the Horry County Court of Common Pleas. Upon the filing of the motion to amend, the Honorable Terry L. Wooten referred this matter to the undersigned for full pre-trial non-dispositive motions handling pursuant to 28 U.S.C. § 636. Out of an abundance of caution, the undersigned enters this Report and Recommendation under 28 U.S.C. § 636(b)(1)(B) in light of the dispositive determination subsumed within the recommendation to allow Plaintiffs to amend their complaint that would result in remand.

I.  Factual and Procedural Background

Plaintiffs filed their original complaint in state court on July 21, 2010 against defendant D.R. Horton, Inc. D.R. Horton timely removed the action on August 27, 2010, pursuant to 28 U.S.C. §§ 1441 and 1446, asserting this court has federal diversity jurisdiction pursuant to 28 U.S.C. § 1332, because the parties are completely diverse, and

the amount in controversy exceeds $75,000.00. In their complaint, Plaintiffs seek to recover for property damages and personal injuries resulting from alleged construction defects to their home, including, *inter alia*, water intrusion as a result of improper installation of the bathtub/shower drain in the master bathroom. Plaintiffs assert causes of action for negligence and breach of implied warranties against D.R. Horton. On August 27, 2010, D.R. Horton answered, denying the allegations. The court issued a scheduling order on August 30, 2010, which identified a deadline of October 29, 2010 for amendment of pleadings.

On October 29, 2010, Plaintiffs filed the instant motion to amend their complaint. In addition to numerous edits to the factual allegations, the proposed amended complaint contains two principal substantive amendments that (1) add negligence and breach of implied warranties causes of action against non-diverse defendant Legrande Enterprises, Inc., formerly known as Legrande's Plumbing, Inc. and d/b/a Legrande's Plumbing, Inc., ("Legrande"); and (2) add a cause of action against D.R. Horton for violation of the South Carolina Unfair Trade Practices Act ("SCUPTA"). D.R. Horton principally opposes the motion to amend because Legrande is a South Carolina corporation whose addition would destroy diversity. Additionally, D.R. Horton argues that the court should deny leave to add the SCUPTA claim on the ground of futility.

II.     Discussion

Pursuant to 28 U.S.C. § 1447(e), "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court

2

may deny joinder, or permit joinder and remand the action to the State court." The Fourth Circuit has clarified that these are "the only two options for a district court faced with a post-removal attempt to join a nondiverse defendant; the statute does not allow a district court to retain jurisdiction once it permits a nondiverse defendant to be joined in the case." *Mayes v. Rapoport*, 198 F.3d 457, 462 (4th Cir. 1999) (internal footnotes omitted). Because Plaintiffs seek to amend their complaint post-removal and after the existing defendant answered, § 1447(e) controls the district court's analysis.

Pursuant to 28 U.S.C. § 1447(e), the decision of whether to allow joinder of a defendant that would destroy diversity jurisdiction is left to the sound discretion of the district court and is not controlled by the Federal Rules of Civil Procedure. *Id.* at 462. In exercising is discretion under § 1447(e), a district court may consider "all relevant factors, including: 'the extent to which the purpose of the amendment is to defeat federal jurisdiction, whether the plaintiff has been dilatory in asking for amendment, whether the plaintiff will be significantly injured if amendment is not allowed, and any other factors bearing on the equities.'" *Id.* at 462–63 (*quoting Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 414 (S.D.W.Va. 1998)).[1] In considering the extent to which joinder of a nondiverse

---

[1] Additionally, although the doctrine of fraudulent joinder is inapplicable after removal because the district court already has jurisdiction, "if the defendants can carry the heavy burden of proving fraudulent joinder, that fact should be a factor—and perhaps the dispositive factor—that the court considers in deciding whether a plaintiff may join a nondiverse defendant." *Mayes*, 198 F.3d at 463. Therefore, fraudulent joinder can be used as one of the factors in the court's "flexible, broad discretionary approach" in deciding whether to allow the post-removal joinder of a nondiverse defendant under Section 1447(e). *Id.* (internal citations omitted). Because D.R. Horton has not alleged fraudulent joinder, the court does not undertake an analysis of this factor in this case.

party is an effort to defeat diversity, the removing party must establish that there is no possibility that the plaintiff would be able to establish a cause of action against the proposed defendant in state court. *Mayes*, 198 F.3d at 464 (internal citation omitted). The defendant opposing the amendment must demonstrate that plaintiff cannot establish a viable cause of action against the proposed party even upon resolving all issues of fact and law in the plaintiff's favor. *Id.*

After carefully scrutiny of Plaintiffs' attempt to add Legrande, the undersigned finds that Plaintiffs' amendment is not solely for the purpose of defeating jurisdiction. This court is cognizant of the *Mayes* court's warning that when "a plaintiff seeks to add a nondiverse defendant immediately after removal but before any additional discovery has taken place, district courts should be wary that the amendment sought is for the specific purpose of avoiding federal jurisdiction." *Mayes*, 198 F.3d at 463.

A critical allegation in Plaintiffs' original and amended complaints concerns water intrusion as a result of improper installation of the bathtub/shower drain in the master bathroom. Legrande is the subcontractor alleged to have improperly installed the drain. D.R. Horton has not alleged that Plaintiffs cannot establish a claim against Legrande after resolving all issues of fact and law in their favor. The court is mindful of "Congress' clear intention to restrict removal and to resolve all doubts about the propriety of removal in favor of retained state court jurisdiction." *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993) (*citing Am. Fire & Cas. Co. v. Finn*, 341 U.S. 6, 10 (1951)). Plaintiffs do not appear to be seeking to avoid this court's jurisdiction by requesting to

4

add Legrande to this action. Because Plaintiffs seek to add a defendant whose actions are generally not distinct from the alleged actions of D.R. Horton, it is unfair to characterize Plaintiffs' attempt to amend as made for the specific purpose of avoiding federal jurisdiction. *Compare Hendrix Ins. Agency, Inc. v. Continental Cas. Co.,* 7:10-2141 HMH, 2010 WL 4608769, *2–3 (D.S.C. Nov. 3, 2010 (applying *Mayes* factors, finding plaintiff had no viable cause of action against nondiverse party it named during amendment-of-right period, dismissing that defendant, and denying remand); *with Butler v. Neumag*, 8:09-133-HMH, 2009 WL 2579451, *1–2 (D.S.C. Aug. 18, 2009) (citing *Mayes*, finding lack of evidence plaintiff sought to join nondiverse defendant to defeat diversity, permitting amendment, and remanding matter); *see also McCaulley v. Purdue Pharma, L.P.*, 172 F. Supp. 2d 803, 809–10 (W.D. Va. 2001) (refusing to join a nondiverse defendant whom the court believed the plaintiff was trying to "squeeze" into the existing causes of action for the purpose of destroying diversity). D.R. Horton does not argue that Plaintiffs' inclusion of Legrande amounts to fraudulent joinder. If Legrande, along with D.R. Horton, contributed to the injuries of which Plaintiffs complain, then it would appear that they should be entitled to join it as a defendant to this action. *See* Fed. R. Civ. P. 20(a)(2). Accordingly, the court finds that Plaintiffs' request to join Legrande is not made for the specific purpose of avoiding federal jurisdiction.

     The next factor the court considers is whether Plaintiffs were dilatory in requesting to add Legrande as a defendant. *Mayes*, 198 F.3d at 462. D.R. Horton points out that Plaintiffs were aware of the identity of Legrande prior to any discovery in this case and

elected not to name it as a defendant in their state court complaint. D.R. Horton is correct in pointing out that Plaintiffs were not especially timely in seeking to join Legrande. However, in light of the fact that Plaintiffs filed the instant motion within the period allowed in the court's scheduling order, their untimeliness is not so egregious as to foreclose the possibility of the court ultimately ruling in their favor. Plaintiffs' delay in naming Legrande as a defendant without offering a corresponding cogent reason (i.e., post-removal discovery of Legrande's identity) militates support for shifting of costs of removal, but does not dictate the ruling on the motion to amend, otherwise the amendment of pleadings deadline would be meaningless. While the court views with disfavor late amendments to the pleadings, especially those amendments that impact the court's diversity jurisdiction, Plaintiff's delay is but one factor to consider under § 1447(e).

The court next considers the injury to Plaintiffs if their request to add Legrande as a defendant is denied. *Mayes*, 198 F.3d at 462. The court finds that this injury would be significant. If Legrande did in fact contribute to Plaintiffs injuries as alleged, Plaintiffs are entitled to seek redress from it. Furthermore, presumably D.R. Horton has an interest in Legrande's addition as a defendant as well, in order to avoid involvement in a separate proceedings by Plaintiffs against D.R. Horton.

Finally, the court considers all of the other factors bearing on the equities in this case. *Mayes*, 198 F.3d at 462. Here, "the danger of parallel lawsuits in federal and state court, which may spawn inconsistent results and inefficient use of judicial resources," is

considerable. *Id.* at 463 (internal quotation marks omitted). If Plaintiffs were to proceed to sue Legrande in state court for its role in the plumbing issues for which they are suing D.R. Horton in this court, this would be an inefficient use of judicial resources with the potential for inconsistent results.

The court also must consider D.R. Horton's interest in retaining this federal forum, *Gum*, 5 F. Supp. 2d at 414, as well as any undue prejudice to it from the decision to allow the amendment and remand. *Cf. Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (noting that undue prejudice to the nonmovant is a factor that should be considered when deciding whether to grant leave to amend under Rule 15); *Gum*, 5 F. Supp. 2d at 414 n.6 (same). It would have been foreseeable to D.R. Horton from the outset of this action, based on the nature of Plaintiffs' lawsuit originally filed in state court and involving only state law claims arising from alleged construction and repair defects, that federal jurisdiction premised on diversity might be destroyed with the addition of other defendants. While Plaintiffs also seek to bring a new SCUPTA claim against D.R. Horton, D.R. Horton will not be unduly prejudiced by a remand to state court. *Cf. Skinner v. First Am. Bank of Va.*, No. 93-2493, 1995 WL 507264, at *3 (4th Cir. Aug. 28, 1995) (noting defendant was prejudiced when a "large part" of its discovery would have been unusable on a motion for summary judgment in state court). It appears no significant discovery has been taken to date, and considering the substantive arguments that the parties make distinguishing the SCUPTA case law on the facts of this case, the undersigned cannot find that the SCUPTA claim would be futile. In light of

these facts, the court cannot conclude that granting the motion to amend would unduly prejudice D.R. Horton.

In sum, in balancing the equities, the undersigned finds that it is proper to grant the motion to amend to add Legrande as a defendant and to add a SCUPTA claim against D.R. Horton. Therefore, the undersigned recommends the court grant Plaintiffs' motion to amend the complaint [Entry #11]. If this recommendation is accepted and Legrande is permitted to be added as a defendant destroying diversity jurisdiction, remand to the Horry County Court of Common Pleas becomes automatic under 28 U.S.C. § 1447(e). *See Mayes*, 198 F.3d at 462. In light of the recommendation on the motion to amend, the court does not reach the motions to compel [Entry #15, #19]. Because Plaintiffs could have avoided the costs of removal and waste of attorneys fees and judicial resources by naming Legrande in their original complaint, the undersigned recommends that the court assess D.R. Horton's costs and attorneys fees incurred in effecting removal and opposing amendment against Plaintiffs.

IT IS SO RECOMMENDED.

February 9, 2011                                 Shiva V. Hodges
Florence, South Carolina                         United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**