IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Roy and Sarah Pryor, | ) | |
| | ) | C.A. No. 4:10-cv-02255 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| D.R. Horton, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is now before the undersigned for review of the Report and Recommendation ("the Report") filed by United States Magistrate Judge Shiva V. Hodges, to whom this case had previously been assigned pursuant to 28 U.S.C. § 636. In her Report, Magistrate Judge Hodges recommends that this Court grant plaintiffs' motion to amend the complaint (Doc. # 11). The Report further indicates that if this recommendation is accepted and Legrande is permitted to be added as a defendant destroying diversity jurisdiction, remand to the Horry County Court of Common Pleas becomes automatic under 28 U.S.C. § 1447(e). See Mayes v. Rapoport, 198 F.3d 457 (4th Cir. 1999). Finally, the Report recommends that the court assess D.R. Horton's costs and attorneys fees incurred in effecting removal and opposing amendment against plaintiffs based on the Magistrate Judge's belief that plaintiffs could have avoided the costs of removal and waste of attorneys fees and judicial resources by naming Legrande in their original complaint. Plaintiffs filed objections to the Report on February 28, 2011. Defendant filed a reply to plaintiffs' objections on March 14, 2011.

In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections. . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or

1

specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the Report and Recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F.Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of this standard, the Court has reviewed, de novo, the Report and the objections thereto. The Court accepts the Report, to the extent outlined herein. The Court agrees with the Report's recommendation to grant plaintiffs' motion to amend the complaint. Accordingly, given that the amendment adds a non-diverse defendant, which destroys diversity jurisdiction, the Court finds that remand is automatic under 28 U.S.C. 1447(e). Additionally, the Magistrate Judge recommends an award of costs and attorneys fees. The plaintiffs object to this recommendation. The recommendation is based on the conclusion that "Legrande" could have been named in the original complaint. This lawsuit was originally filed in state court and then removed. The plaintiffs moved to amend the complaint within the scheduling order deadline of this Court. The plaintiff may not have had an expectation that the case would be removed to federal court, nor concluded there was a basis to join Legrande when the lawsuit was originally filed. Although this Court gives great deference to a recommendation to award fees and costs, after careful consideration of the objections and the applicable law, including 28 U.S.C. 1447, this Court, in this case, chooses not to accept the recommendation to assess defendant D.R. Horton's costs and attorneys fees incurred in effecting removal and opposing amendment against plaintiffs.

**THEREFORE, IT IS HEREBY ORDERED** that the Magistrate Judge's Report is **ACCEPTED** to the extent outlined herein. The plaintiffs' motion to amend the complaint is

**GRANTED**; and this case is **REMANDED** to the Horry County Court of Common Pleas pursuant to 28 U.S.C. 1447(e). The parties are to pay their own costs and fees incurred up to this point in the litigation. Given this Court's decision to remand this case to state court, any remaining outstanding motions are hereby declared to be **MOOT**.

    **IT IS SO ORDERED.**

                                                           s/ Terry L. Wooten

May 20, 2011                                  **TERRY L. WOOTEN**
Florence, South Carolina            **UNITED STATES DISTRICT JUDGE**